IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES COOPER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. |
| WILLIAM BARR, Attorney | ) | |
| General of the United States; | ) | |
| REGINA LOMBARDO, Acting | ) | |
| Deputy Director of the Bureau of | ) | |
| Alcohol, Tobacco, Firearms and | ) | |
| Explosives, | ) | |
| | ) | |
| Defendants | | |

## COMPLAINT

AND NOW comes Plaintiff Charles Cooper, by and through his attorneys, Brian C. Caffrey, Esq., and Robert M. Sakovich, Esq., of Scaringi Law, who respectfully complain of Defendants as follows:

## THE PARTIES

1.    Plaintiff Charles Cooper is a natural person and citizen of the United States, residing in Whitehall, Pennsylvania.

2.     Plaintiff intends to purchase and possess firearms for hunting and self-protection, but is prevented from doing so by Defendants' unconstitutional enforcement of the law complained of in this action.

3.     Defendant William Barr is sued in his capacity as the Attorney General of the United States. As Acting Attorney General, Defendant Barr is responsible for executing and administering the laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices, and policies complained of in this action.

4.     Defendant Regina Lombardo is sued in his capacity as Acting Deputy Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF"). As Acting Director of the ATF, Defendant Brandon is responsible for executing and administering the laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices, and policies complained of in this action.

## JURISDICTION AND VENUE

5.     This action arises under the Second Amendment to the United States Constitution.

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201 and 2202.

7.     Venue is proper in this court under 28 U.S.C. § 1391(e)(1), as a substantial part of the events and omissions giving rise to the claim occurred in this judicial district and no real property is involved in the dispute.

## STATEMENT OF FACTS

### *Plaintiff's Background*

8.     On March 16, 2006, Plaintiff and a coworker admitted to the theft of various items from their place of employment, Lowe's Home Improvement, between July 2005 and March 16, 2006.

9.     On July 24, 2006, Plaintiff was convicted by the Court of Common Pleas of Lycoming County, Pennsylvania of one count of 18 Pa.C.S. § 3929(a)(1), Retail Theft, graded as a misdemeanor of the first degree pursuant to 18 Pa.C.S. § 3929(b)(1)(iii) because the value of the merchandise in question exceeded $150 (hereinafter "Pennsylvania Misdemeanor Conviction").

10.     At the time of Plaintiff's conviction and through the present day, the elements of the offense are as follows:

> A person is guilty of retail theft if he…takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof.

18 Pa.C.S. § 3929(a)(1).

11.    At the time of Plaintiff's Misdemeanor Conviction, the grading of his

offense as a misdemeanor of the first degree was determined by the value of the

merchandise as follows:

Retail theft constitutes a:

(iii) Misdemeanor of the first degree when the offense is a first
or second offense and the value of the merchandise is $150 or
more.

18 Pa.C.S. § 3929(b)(1), as drafted and approved in Act 2004-207 (S.B. 904), P.L.

1618, § 4, approved Nov. 30, 2004, eff. in 60 days.[1]

12.    In Pennsylvania, a misdemeanor of the first degree is punishable by a

maximum term of imprisonment of five years. 18 Pa.C.S. § 1104(1).

13.    Plaintiff pleaded guilty to retail theft and was sentenced to twenty-

four (24) months' probation, fifty (50) hours of community service, to pay full

restitution of $1,698.44, and fines and costs of $1,400.00.

14.    Plaintiff is prohibited from possessing firearms because his

Pennsylvania misdemeanor conviction was punishable by imprisonment for a term

exceeding two years. 18 U.S.C. §922(g)(1) and 18 U.S.C. §921(20)(B).

---

[1] Subsection (b)(1) of the statute, relating to the grading of retail theft
crimes, was amended by Act 2013-131 (S.B. 731), P.L. 1264, § 2, approved
Dec. 23, 2014, eff. in 60 days, to reduce the monetary threshold for grading of
retail theft as a felony of the third degree from $2,000 to $1,000. The agreed-
upon value of the merchandise, as evidenced by the full restitution paid by
Plaintiff, was $1,698.44.

## *Defendants' Regulatory Scheme*

15.     Title 18, United States Code § 922(g)(1) prohibits the possession of firearms by any person who has been "convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." Violation of 18 U.S.C. § 922(g) is a felony criminal offense punishable by fine and imprisonment of up to ten years. 18 U.S.C. § 924(a)(2).

16.     Title 18, United States Code § 922(d)(1) prohibits anyone from transferring firearms or ammunition to anyone who the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. 18 U.S.C. § 924(a)(2).

17.     Title 18, United States Code § 921(a)(20)(B) excludes from the above prohibition "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less."

18.     All firearms purchasers within the United States who do not possess a Federal Firearms License, i.e. virtually all ordinary civilian consumers of firearms, must complete "Form 4473, Firearms Transaction Record Part I – Over-The-Counter," administered under Defendants' authority, in order to purchase a firearm. 27 C.F.R. § 478.124.

5

19.    Question 11(c) on Form 4473 asks: "Have you ever been convicted in any court of a felony, or *any other crime, for which the judge could have imprisoned you for more than one year,* even if you received a shorter sentence including probation?" (emphasis added).

20.    Defendants instruct firearms dealers not to sell firearms to anyone who answers "yes" to Question 11(c). Furthermore, Defendants instruct firearms dealers to refrain from even running a background check on anyone who answers "yes" to this question, and simply to deny the transaction on the basis of that answer.[2]

### *Defendants' Thwarting of Plaintiff's Presently Intended Transactions*

21.    Plaintiff desires and intends to possess firearms for hunting and self-protection.

---

[2] "If a prospective purchaser answered 'yes' to any of the questions on the ATF Form 4473 [...] you should not contact the [National Instant Criminal Background Check System] because the subject is prohibited from purchasing." BATF FFL Newsletter, May 2001, Issue I, at 14, available at https://www.atf.gov/file/56406/download (last visited September 4, 2015).
    "If the prospective purchaser answers 'yes' to any of the questions [regarding eligibility to possess firearms], the [firearms dealer] has reasonable cause to believe that the transferee is prohibited. [...] there is no reason for the [firearms dealer] to even contact the [National Instant Criminal Background Check System] after a person indicates on the Form 4473 that he or she is prohibited from receiving firearms. The [firearms dealer] should simply advise the prospective purchaser that the firearm may not be transferred." BATF FFL Newsletter, September 1999, Issue II, at 2, available at https://www.atf.gov/file/56401/download (last visited September 4, 2015).

22. Due to his Pennsylvania Misdemeanor Conviction, Plaintiff is prohibited by Defendants from following through with his intent to obtain a firearm, based on Defendants' enforcement of 18 U.S.C. § 922(g)(1).

23. Plaintiff refrains from obtaining a firearm only because he reasonably fears arrest, prosecution, incarceration, and fine under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he attempt to obtain a firearm.

24. The application of 18 U.S.C. § 922(g)(1) to Plaintiff violates the Second Amendment to the United States Constitution as Plaintiff can distinguish himself from the class of "unvirtuous citizens" traditionally barred from Second Amendment rights due to the commission of a serious crime.

25. Plaintiff's Pennsylvania Misdemeanor Conviction was not a serious offense because: (1) it was classified by the laws of the Commonwealth as a misdemeanor, (2) actual or attempted violence was and is not an element of the offense, (3) Plaintiff received a relatively minor sentence that did not include incarceration, and (4) where jurisdictions have a statute criminalizing conduct similar to that criminalized by Pennsylvania at the time of Plaintiff's Misdemeanor Conviction, there is no cross-jurisdictional consensus as to the seriousness of the crime.

26. Aside from minor traffic violations, Plaintiff has maintained a record free from criminal convictions since Plaintiff's Misdemeanor Conviction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1. A declaration that 18 U.S.C. § 922(g)(1) cannot be applied against Plaintiff on account of his Pennsylvania misdemeanor conviction under 18 Pa.C.S. 3929(a)(1);

2. A declaration that application of 18 U.S.C. § 922(g)(1) against Plaintiff, on account of his Pennsylvania misdemeanor conviction under 18 Pa.C.S. 3929(a)(1), violates the Second Amendment to the United States Constitution;

3. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against Plaintiff on the basis of his Pennsylvania misdemeanor conviction under 18 Pa.C.S. 3929(a)(1);

4. A declaration that the Pennsylvania Misdemeanor Conviction of Plaintiff under 18 Pa.C.S. 3929(a)(1) does not disqualify Plaintiff from possessing a firearm under 18 U.S.C. § 922(g)(1) or any other federal law or regulation;

5. For attorneys' fees and costs pursuant to 28 U.S.C. § 2412; and

6. For such other relief as the Court deems just and appropriate.

Respectfully submitted,

Dated: _____

/s/ Brian C. Caffrey
/s/ Robert M. Sakovich
Brian C. Caffrey, Esq.
PA Bar No. 42667
Robert M. Sakovich, Esq.
PA Bar No. 316729
Scaringi & Scaringi, P.C.
2000 Linglestown Road, Suite 106
Harrisburg, PA 17110
(717) 657-7770
brian@scaringilaw.com
robert@scaringilaw.com
Attorneys for Plaintiff